IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SULAIMAN DUNCAN : | |
| : | CIVIL ACTION NO. 2:26-cv-01384 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| UNITED PARCEL SERVICE : | |
| : | |
| Defendant. : | |
| : | |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant, United Parcel Service, Inc. (improperly named as "United Parcel Service"), by and through its attorneys, Lock Gordon Law Group, LLC, hereby file the following Notice of Removal of the above-captioned matter currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, November Term, 2025, No. 03195 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all objections. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, thereby removing the State Action to this Court. The following is a short and plain statement of the grounds for removal of the State Court Action to this Court:

I. RELEVANT PROCEDURAL HISTORY

1. On November 20, 2025, Plaintiff, Sulaiman Duncan, filed a Complaint, which commenced the State Court Action. In accordance with 28 U.S.C. 1446(a), copies of all process, pleadings, and Orders in the State Court Action, including the Complaint, are attached hereto collectively as Exhibit "A".

2.      Plaintiff attempted to serve his Complaint on Defendant, United Parcel Service, Inc. ("UPS") on February 3, 2026, via USPS Certified Mail. However, the Certified Mail Return Receipt Card lacks the recipient's signature. *See generally*, Ex. A, February 11, 2026, Affidavit of Service.

3.      In the Complaint, Plaintiff Sulaiman Duncan brings a claim sounding in negligence against Defendant. Specifically, Plaintiff seeks damages for personal injuries allegedly sustained as a result of a bicycle accident on or about February 10, 2025, at or near the 3500 block of Lancaster Avenue near 36th Street, in Philadelphia, Philadelphia County, Pennsylvania. *See generally*, Ex. A, Complaint.

4.      Plaintiff alleges that at the time of the accident, he was riding a bicycle when he was caused to crash as a result of his bicycle coming into contact with trolley tracks located in the roadway. *Id*. at ¶¶ 3, 15.

5.      Plaintiff alleges that he was forced to ride into the trolley tracks because of a UPS vehicle stopped in the bike lane. *Id*. at ¶ 13.

6.      No previous request has been made for the relief requested herein.

**II.      BASIS FOR REMOVAL**

7.      This Court has original jurisdiction over this action because: (1) the matter in controversy as alleged by Plaintiff, excluding interest and costs, exceeds the sum or value of $75,000.00; and (2) there is complete diversity of citizenship between Plaintiff and Defendant. *See* U.S.C. §1332(a).

   **a. Value of Matter in Controversy**

8.      According to Plaintiff's Complaint, as a result of the alleged accident, Plaintiff Sulaiman Duncan "suffered trauma injuries including a deeply lacerated leg, . . ., which required

surgery to treat and repair, and other injuries which required surgery to treat and repair, and other injuries which required hospital treatment to Plaintiff's pelvis, spine, head, chest, elbow, chest, knee, and general soreness." *Id*. at ¶ 23.

9. As a further result of the alleged accident, Plaintiff Sulaiman Duncan alleges "that his injuries are serious, permanent, and have resulted in permanent scar, disfigurement, muscle deformity resulting in disability and impairment and loss a of bodily function which will prevent Plaintiff from fully, comfortably, and painlessly participating in enjoying the activities of his daily life as he did before he was injured in this crash." *Id*. at ¶ 24.

10. Plaintiff Sulaiman Duncan also alleges that "[he] needed to follow up with hospital, surgical, suturing and medical treatment for his injuries to recover from his injuries and regain the maximal medical improvement." *Id.* at ¶ 26.

11. Plaintiff Sulaiman Duncan alleges that he "was for a time disabled from work and all of the duties and activities requiring the use of his leg as a result of his injuries. *Id.* at ¶ 27.

12. Plaintiff Sulaiman Duncan further allege that his "injuries are all to his financial damage and loss." *Id.* at ¶ 28.

13. Plaintiff further avers that he "has been required to received and undergo medical attention and care and will incur expenses in the future…" *Id.* at ¶ 29.

14. Further, Plaintiff Sulaiman Duncan alleges that he "has full tort status by virtue of status as a bicyclist at the time of the crash, and his injuries pierce the threshold necessary to recover non economic damages under all applicable Penna tort law." *Id*. at ¶ 30.

15. The first "wherefore" clause of Plaintiff's Complaint seeks damages in excess of Philadelphia County's jurisdictional arbitration limits of $50,000 . . .. *Id*. at "Wherefore" Clause beneath paragraph 32 of Plaintiff's Complaint.

16.  Considering the totality of the allegations made by Plaintiff Sulaiman Duncan including the alleged deeply lacerated leg, pelvis injury, spine injury, head injury, chest injury, elbow injury, chest injury, knee injury, general soreness, permanent scar, disfigurement, muscle deformity resulting in disability and impairment and loss a of bodily function, the value or sum of the matter in controversy, as alleged by Plaintiff in this case, exceeds the jurisdictional limit of $75,000, exclusive of interest and costs.[1]

      **b.  Diversity of Citizenship**

17.  As set forth in his Complaint, Plaintiff is an individual residing and domiciled in the Commonwealth of Pennsylvania. *Id*. at Caption and ¶ 1. Accordingly, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

18.  Defendant UPS is a corporation incorporated in the State of Ohio with its principal place of business located in the State of Georgia; thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant UPS was, at the time of the commencement of the State Court Action, a citizen of both Ohio and Georgia.

19.  The diversity of citizenship requirement is satisfied as complete diversity existed both at the time of the commencement of the State Court Action and at the time of the filing of this Notice of Removal. *See* 28 U.S.C. § 1332(a)(1).

**III.  CONSENT**

20.  UPS is the only Defendant.

**IV.  TIMELINESS OF REMOVAL**

21.  The State Court Action was not commenced more than one year before the date of the filing of this Notice of Removal. *See* 28 U.S.C. § 1446(c)(1).

---

[1] Defendant denies all liability and denies that Plaintiff is entitled to the relief sought in the Complaint.

22.	Defendant UPS was improperly and insufficiently served on February 3, 2026, as Plaintiff's Affidavit of Service fails to show a <u>signed</u> return receipt card bearing a UPS employee's signature of service, thereby not starting Defendant UPS's thirty-day removal period. *See* Ex. A, February 11, 2026, Affidavit of Service; *see also*, *Washington v. LM Gen. Ins. Co.*, 598 F. Supp. 3d 280, 287 (E.D. Pa. 2022).

23.	Thus, filing of this Notice of Removal is not beyond thirty days of service of the Complaint on Defendant and thus is timely under 28 U.S.C. § 1446(b).

24.	Even assuming, *in arguendo*, Plaintiff properly served Defendant UPS on February 3, 2026, the filing of this Notice of Removal is within thirty days of service of the Complaint on Defendant and thus is timely under 28 U.S.C. § 1446(b).

V.	**VENUE**

25.	Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court "for the district and division embracing" the Court of Common Pleas of Philadelphia County, Pennsylvania, the place where the removed action was pending.

VI.	**CONCLUSION**

26.	For all the reasons above, this Court has jurisdiction over this matter, and it is properly venued here.

VII.	**NOTICE**

27.	Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of this filing to Plaintiff and will file a copy of this Notice of Removal and exhibits attached thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

**WHEREFORE**, Defendant, United Parcel Service, Inc., respectfully requests that the above-captioned action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**LOCK GORDON LAW GROUP, LLC**

By: */s/ John P. Lock*
 John P. Lock, Esquire
 *Attorneys for Defendant,*
 *United Parcel Service, Inc.*

Dated: March 4, 2026

## **CERTIFICATE OF SERVICE**

  I, John P. Lock, Esquire, do hereby certify that on March 4, 2026, a true and correct copy of the foregoing Notice of Removal has been filed and served via the Court's Electronic Case Filing system upon the following:

Stuart Leon, Esquire
STUART LEON, P.C.
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
Stuart@stuartleon.com
Attorney for Plaintiff

              */s/ John P. Lock*
              John P. Lock, Esquire