# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**NOVEMBER 2025** 03195
E-Filing Number: 2511045088

| | |
|---|---|
| PLAINTIFF'S NAME<br>SULAIMAN DUNCAN | DEFENDANT'S NAME<br>UNITED PARCEL SERVICE |
| PLAINTIFF'S ADDRESS<br>613 NORTH CREIGHTON STREET<br>PHILADELPHIA PA 19131 | DEFENDANT'S ADDRESS<br>15 OREGON AVENUE<br>PHILADELPHIA PA 19148 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 1

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [x] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 20 2025
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SULAIMAN DUNCAN

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STUART I. LEON | ADDRESS<br>1420 WALNUT STREET<br>SUITE 404<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER<br>(215)790-9288 | FAX NUMBER<br>(866)222-2544 |
| SUPREME COURT IDENTIFICATION NO.<br>46432 | E-MAIL ADDRESS<br>stuart@stuartleon.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*STUART LEON* | DATE SUBMITTED<br>Thursday, November 20, 2025, 10:12 am |

STUART LEON, P C
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO 46432
1420 Walnut Street, #404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

This is a Major Non Jury Matter
Assessment of Damages
Hearing is Required

Filed and Attested by the
Office of Judicial Records
20 NOV 2025 10:12 am
L. BREWINGTON

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL - LAW

Sulaiman Duncan
613 North Creighton Street
Philadelphia, PA 19131
Plaintiff
Vs

United Parcel Service
15 Oregon Avenue
Philadelphia, PA 19148

Defendant

2V - MOTOR VEHICLE ACCIDENT
CIVIL ACTION

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20 ) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find our where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19143
Telephone (215) 238-6333
TTY(215) 451-6197

ENTERPRISEO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Have falta asentar una comparencia escrita o en persona o con un abofado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Dea Enterpriseado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo Enterpriseo o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado inmediamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tl servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19143
Telefono (215) 238-6333
TTY (215) 451-6197

STUART LEON, P C
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO 46432
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

This is a Major Non Jury Trial Matter
Assessment of Damages
Hearing is Required

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL – LAW

Sulaiman Duncan
613 North Creighton Street
Philadelphia, PA 19131
Plaintiff
Vs

United Parcel Service
15 Oregon Avenue
Philadelphia, PA 19148

Defendant

2V - MOTOR VEHICLE ACCIDENT
CIVIL ACTION

Count I
Sulaiman Duncan vs United Parcel Service

1. Plaintiff, Sulaiman Duncan, is an individual who resides at the above stated address.

2. United Parcel Service is a corporation with an address stated above

3 On or about February 10, 2025 plaintiff was a bicyclist riding on Lancaster Avenue in the 3500 block near 36th Street in the direction of the flow of traffic.

4. Lancaster Avenue is a public highway located in located in Philadelphia County, Commonwealth of Pennsylvania where the Pennsylvania motor vehicle code applies.

5. The road that Plaintiff was riding on had a bike lane, and all of the roads that Defendant UPS drivers are using the bike lanes as delivery lanes/loading zones are subject to the Penna Motor Vehicles law at all relevant times.

6. Before the crash, Defendant United Parcel Service employee parked and stopped a United Parcel Service Delivery truck in the bike lane of Lancaster, in the 3500 block of Lancaster Avenue near 36th Street, on the eastbound side of Lancaster Avenue, which shall be referred to as "place of crash" in the remainder of this lawsuit complaint; place of crash is shown in the photo below

7. Defendant Employee truck driver blocked the Plaintiff and any bicyclists from riding their bike into the bike lane;




8. Defendant's parking job blocking the bike lane on the date and time of crash forced the Plaintiff to ride out of the bike lane and into the travel lane for motor vehicles.

9. At the time and place, there was a curb lane stopping area easily available and accessible on the eastbound side of the 3500 block of Lancaster Avenue

10. Defendant United Parcel Service employee[s] could have parked the Delivery truck[s] on the road side and out of the bike lane where the Defendant truck[s] would not have been obstructing bike lane traffic.

10. On information and belief, Plaintiff alleges that before the date of crash, on the date of crash and at all relevant times, Defendant United Parcel Service did not have nor enforce a policy to prevent its employees from stopping their Delivery trucks in bike lanes.

11. It is even possible that and Plaintiff avers on information and belief UPS has a prearranged a payment plan with the PPA to pay in bulk the resulting tickets its trucks receive for their misconduct of parking in the bike lanes; Plaintiff intends to conduct discovery on how it is that Defendant UPS pay their tickets for their illegal use of the bike lanes.

12. At the time and place, Plaintiff did carefully and lawfully drive upon the road and exercised all due and reasonable care.

13. As the Plaintiff bicycled along in and approaching the 3500 block of Lancaster, he reached the area of the bike lane blocked by the Defendant's Delivery truck and Plaintiff was forced to ride out of the bike lane and to ride into the trolley rails and the motor vehicle travel lane.

14. Defendant United Parcel Service Delivery truck driver/employee created a bicycle lane obstruction that was likely to create a situation in which bicycle riders would be forced out of the bike lane and into the trolley rails

15. Plaintiff was caused to crash and suffer injuries as a result of coming into contact with the trolley rails.

16. The place, time and manner in which the Defendant's parked their delivery trucks in violation of the Pa Motor vehicle code was careless, unreasonable dangerous and likely to create dangerous and perilous road conditions for bicycle riders using the bike lane including the Plaintiff.

17. The laws cited below that the Defendant UPS truck violated and which Defendant UPS systematically and illegally violates for its business purposes are intended to protect the Plaintiff and all bicycle riders riding and commuting upon Phila as users of the bike lane.

18. Defendant violated Pennsylvania Motor vehicle Statute **§ 3351. Stopping, standing and stopping outside business and residence districts** states:

**(a) General rule.**--Outside a business or residence district,

> no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.

19 In December of 2024 Philadelphia enacted one of its most significant traffic policy changes in recent years: a complete ban on vehicles stopping in bike lanes, backed by steep fines of $125 in Center City and $75 elsewhere.

20 Defendant UPS violated the Phila ban on vehicles stopping in the bike lane on the date of crash.

**Defendant UPS's Systematic Policy of Violating #GTFOTBL for Its Economic Gain and Advantage**

21. For years prior to and in the months since the enactment of Phila's complete ban on stopping in the bike lanes:

A] UPS's fleet of drivers have commonly, habitually systematically and daily violated the ban on stopping in the Philadelphia Bike lanes to deliver packages from, using the bike lane as a loading zone for their business purposes;

B] UPS has on information and belief permitted, allowed, instructed and encouraged its delivery drivers to, and at a bare minimum ineffectively failed to discourage its drivers from park[ing] in and use[ing[ the bike lanes for their profitability and convenience, which has been de facto demonstrated by the drivers' conduct as described elsewhere in this complaint.

C] UPS has failed to train and supervise its delivery drivers to avoid and refrain from stopping in the bike lanes of Phila Streets and using them to deliver from, all for profit.

22. Plaintiff avers that Defendant United Parcel Services violation of the cited motor vehicle statute, Section 3351 and the Philadelphia Parking Authority's complete ban on stopping in bike lanes constitutes negligence in itself under the doctrine of negligence per se.

23. Plaintiff suffered trauma injuries including a deeply lacerated leg, as shown in the photo below, which required surgery to treat and repair, and other injuries which required hospital treatment to Plaintiff's pelvis, spine, head, chest, elbow, chest, knee, and general soreness.



Wound on Sulaiman's leg



Wounds on Sulaiman's arm

24. Plaintiff avers that his injuries are serious, permanent, and have resulted in permanent scar, disfigurement, muscle deformity resulting in disability and impairment and loss a of bodily function which will prevent Plaintiff from fully, comfortably and painlessly participating in and enjoying the activities of his daily life as he did before he was injured in this crash.

25. Plaintiff was taken by ambulance to the hospital from the crash scene.

26. Plaintiff needed follow up with hospital, surgical, suturing and medical treatment for his injuries to recover from his injuries and regain the maximal medical improvement.

27. Plaintiff was for a time disabled from work and all of the duties and activities requiring the use of his leg as a result of his injuries.

28. Plaintiff's injuries are all to his financial damage and loss.

29. Plaintiff has suffered all of the described injuries and damages as a direct result of the Defendants' careless conduct, driving, operation, use and stopping of their vehicles, and that Plaintiff has been required to receive and undergo medical attention and care and will incur expenses in the future, which Plaintiff exceed $1500, which medical bills are recoverable, out of pocket and are to his financial damage and loss.

30 Plaintiff has full tort status by virtue of status as a bicyclist at the time of the crash, and his injuries pierce the threshold necessary to recover non economic damages under all applicable Penna tort law.

31. Plaintiff continues to ride, work and commute by bicycle upon the streets of Philadelphia and attempts to ride in the City's bike lanes to do so.

32. Plaintiff avers that all of the said damages were caused by Defendant's negligence.

Wherefore, Plaintiff, Sulaiman Duncan demands judgment against the Defendant, the United Parcel Service in an amount in excess of the jurisdictional Arbitration limits in Phila County plus interest and costs.

Plaintiff Sulaiman Duncan vs United Parcel Service
Special Injunction
To Enforce the Complete Ban on Stopping and Parking in the Bike Lanes
Against United Parcel Service Corporation
#GTFOTBL

33. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint, inclusive, as if they were set forth in their entirety herein.

34. Plaintiff avers that the Defendant, United Parcel Service drivers and employees engage in a systematic and daily practice of parking and stopping its delivery trucks in and delivering from bike lanes by.

35. This practice has resulted in a general condition on the streets of Phila of UPS delivery vehicles stopped and parking in and obstructing the bike lanes in Philadelphia for extended time periods

36. The regular and systematic stopping in bike lanes by these delivery vehicles in Phila effects the Plaintiff and other bicycle riders attempting to safely use the City's bike lanes by forcing them to ride out of the bike lanes and which is unsafe in and of itself and forces them to face unsafe road conditions and irate drivers and also abandoned and inactive trolley rails that Plaintiff in this instant case would have otherwise been safe and protected from riding upon.

37. Plaintiff and all Philadelphia bicycle commuters riding in the bike lanes of Philadelphia streets are aggrieved by Defendant's ongoing described conduct in systematic use of the bike lanes as loading zones.

38. The Defendant's conduct creates a constant, ever present, dangerous, defective and per se illegal condition which poses a crash hazard to the plaintiff, who continues to bicycle and commute upon the City's streets, and all bicyclists traveling in Philadelphia's bike lanes

39. Plaintiff seeks an injunction compelling the Defendant to stop using the bike lanes as loading zones to prevent immediate and irreparable harm to Plaintiff who cannot adequately be compensated by an award of damages.

40. An injunction is appropriate as greater injury will result from refusing an injunction than from granting it and the issuance of an injunction will not substantially harm the other interested party; the United Parcel Service .

41. An injunction will restore the parties to their status as it existed prior to the Defendant's wrongful conduct.

42. As the Defendant has created and is engaging in an illegal activity which harms the public, the activity sought to be restrained is actionable; Plaintiff's right to relief is clear, and Plaintiff is likely to prevail on the merits.

43. The injunction sought is reasonably suited to abate the offending activity.

44. The injunction sought will not adversely affect the public interest, and, in fact, will be for the public good.

WHEREFORE, Plaintiff Sulaiman Duncan demands a special injunction against Defendant United Parcel Service, enjoining Defendant from

systematically parking and stopping in the bike lanes and using them as loading zones in defiance of the City's Complete Ban on parking in bike lanes.

STUART LEON, P.C.

BY: ______________________
STUART LEON, ESQUIRE
ATTORNEY FOR PLAINTIFF

# VERIFICATION

Sulaiman Duncan verifies that the statements made in this pleading are true and correct. Verifier understands that false statements are made subject to the penalties of 18 Pa CS Section 4904, relating to unsworn falsifications to authorities.

Dated: 11-19-25

Sulaiman Duncan

Sulaiman Duncan

STUART LEON, P.C.
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO.: 46432
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

Filed and Attested by the
Office of Judicial Records
20 JAN 2026 03:39 pm
B. BALILONIS

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL – LAW

Sulaiman Duncan

November Term 2025

vs.

No. 03195

UPS

AFFIDAVIT OF SERVICE

AND NOW, this I, STUART LEON, ESQUIRE being duly sworn according to law do hereby depose and say that a full and complete copy of Plaintiff's Complaint in Civil Action was served on Defendant UPS.

(See attached Return of Service.)

STUART LEON, ESQUIRE

Dated: 12/10/25

# RETURN OF SERVICE

STUART LEON, ESQUIRE
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215)790-9288

Sulaiman Duncan

vs.

UPS

November Term 2025

No. 03195

SERVE AT: 15 OREGON AVE.
PHILA, PA. 19148

On the 10TH day of DECEMBER , 2025, at _____ AM/PM,

I, MATTHEW KENDIG served and made known to UPS the

foregoing complaint by (describe method of service):

SERVED SECURITY GUARD AT ABOVE
ADDRESS VIA HAND DELIVERY

I verify that the statements in this return are true and correct. I understand that false statements are made subject to the penalties of 18 PA C.S.A. Sect. 4904 relating to unsworn falsification to authorities.

BY: [signature] 12/10/25
(Date)

STUART LEON, P C
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO 46432
1420 Walnut Street, Suite 404
PHILADELPHIA, PA 19103
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

Filed and Attested by the
Office of Judicial Records
27 JAN 2026 01:05 pm
L. BREWINGTON

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL – LAW

Sulaiman Duncan — November Term 2025

Vs — no. 03195

United Parcel Service

**Praecipe to Reinstate Complaint**

To the Prothonotary:

Kindly Reinstate the Complaint in the above civil action for an additional 30 days.

Respectfully Submitted,

Stuart Leon, PC

Dated: 1/27/2026

By: Stuart Leon, Esquire
Attorney for Plaintiff

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
NOVEMBER 2025 03195
E-Filing Number: 2511045088

Filed and Attested by the Office of Judicial Records 27 JAN 2026 01:05 pm L. BREWINGTON

| | |
|---|---|
| PLAINTIFF'S NAME<br>SULAIMAN DUNCAN | DEFENDANT'S NAME<br>UNITED PARCEL SERVICE |
| PLAINTIFF'S ADDRESS<br>613 NORTH CREIGHTON STREET<br>PHILADELPHIA PA 19131 | DEFENDANT'S ADDRESS<br>15 OREGON AVENUE<br>PHILADELPHIA PA 19148 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 1

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [x] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 20 2025
L. BREWINGTON

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SULAIMAN DUNCAN

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STUART I. LEON | ADDRESS<br>1420 WALNUT STREET<br>SUITE 404<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER<br>(215)790-9288<br>FAX NUMBER<br>(866)222-2544 | |
| SUPREME COURT IDENTIFICATION NO.<br>46432 | E-MAIL ADDRESS<br>stuart@stuartleon.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*STUART LEON* | DATE SUBMITTED<br>Thursday, November 20, 2025, 10:12 am |

Case ID: 251103195

STUART LEON, P C
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO 46432
1420 Walnut Street, #404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

This is a Major Non-Jury Matter.
Assessment of Damages
Hearing Is Required

Filed and Attested by the
Office of Judicial Records
27 JAN 2026 01:05 pm
L. BREWINGTON

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL - LAW

______________________________
Sulaiman Duncan
613 North Creighton Street
Philadelphia, PA 19131
Plaintiff
Vs

United Parcel Service
15 Oregon Avenue
Philadelphia, PA 19148

Defendant

2V - MOTOR VEHICLE ACCIDENT
CIVIL ACTION

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20 ) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find our where you can get legal help.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19143
Telephone (215) 238-6333
TTY(215) 451-6197

ENTERPRISEO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Have falta asentar una comparencia escrita o en persona o con un abofado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Dea Enterpriseado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo Enterpriseo o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado inmediamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tl servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19143
Telefono (215) 238-6333
TTY (215) 451-6197

STUART LEON, P C
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO 46432
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

This is a Major Non Jury Trial Matter
Assessment of Damages
Hearing is Required

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL – LAW

Sulaiman Duncan
613 North Creighton Street
Philadelphia, PA 19131
Plaintiff
Vs

United Parcel Service
15 Oregon Avenue
Philadelphia, PA 19148

Defendant

2V - MOTOR VEHICLE ACCIDENT
CIVIL ACTION

Count I
Sulaiman Duncan vs United Parcel Service

1. Plaintiff, Sulaiman Duncan, is an individual who resides at the above stated address.

2. United Parcel Service is a corporation with an address stated above

3 On or about February 10, 2025 plaintiff was a bicyclist riding on Lancaster Avenue in the 3500 block near 36th Street in the direction of the flow of traffic.

4. Lancaster Avenue is a public highway located in located in Philadelphia County, Commonwealth of Pennsylvania where the Pennsylvania motor vehicle code applies.

5. The road that Plaintiff was riding on had a bike lane, and all of the roads that Defendant UPS drivers are using the bike lanes as delivery lanes/loading zones are subject to the Penna Motor Vehicles law at all relevant times.

6. Before the crash, Defendant United Parcel Service employee parked and stopped a United Parcel Service Delivery truck in the bike lane of Lancaster, in the 3500 block of Lancaster Avenue near 36th Street, on the eastbound side of Lancaster Avenue, which shall be referred to as "place of crash" in the remainder of this lawsuit complaint; place of crash is shown in the photo below

7. Defendant Employee truck driver blocked the Plaintiff and any bicyclists from riding their bike into the bike lane;




8. Defendant's parking job blocking the bike lane on the date and time of crash forced the Plaintiff to ride out of the bike lane and into the travel lane for motor vehicles.

9. At the time and place, there was a curb lane stopping area easily available and accessible on the eastbound side of the 3500 block of Lancaster Avenue

10. Defendant United Parcel Service employee[s] could have parked the Delivery truck[s] on the road side and out of the bike lane where the Defendant truck[s] would not have been obstructing bike lane traffic.

10. On information and belief, Plaintiff alleges that before the date of crash, on the date of crash and at all relevant times, Defendant United Parcel Service did not have nor enforce a policy to prevent its employees from stopping their Delivery trucks in bike lanes.

11. It is even possible that and Plaintiff avers on information and belief UPS has a prearranged a payment plan with the PPA to pay in bulk the resulting tickets its trucks receive for their misconduct of parking in the bike lanes; Plaintiff intends to conduct discovery on how it is that Defendant UPS pay their tickets for their illegal use of the bike lanes.

12. At the time and place, Plaintiff did carefully and lawfully drive upon the road and exercised all due and reasonable care.

13. As the Plaintiff bicycled along in and approaching the 3500 block of Lancaster, he reached the area of the bike lane blocked by the Defendant's Delivery truck and Plaintiff was forced to ride out of the bike lane and to ride into the trolley rails and the motor vehicle travel lane.

14. Defendant United Parcel Service Delivery truck driver/employee created a bicycle lane obstruction that was likely to create a situation in which bicycle riders would be forced out of the bike lane and into the trolley rails

15. Plaintiff was caused to crash and suffer injuries as a result of coming into contact with the trolley rails.

16. The place, time and manner in which the Defendant's parked their delivery trucks in violation of the Pa Motor vehicle code was careless, unreasonable dangerous and likely to create dangerous and perilous road conditions for bicycle riders using the bike lane including the Plaintiff.

17. The laws cited below that the Defendant UPS truck violated and which Defendant UPS systematically and illegally violates for its business purposes are intended to protect the Plaintiff and all bicycle riders riding and commuting upon Phila as users of the bike lane.

18. Defendant violated Pennsylvania Motor vehicle Statute **§ 3351. Stopping, standing and stopping outside business and residence districts** states:

**(a) General rule.**--Outside a business or residence district,

> no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.

19 In December of 2024 Philadelphia enacted one of its most significant traffic policy changes in recent years: a complete ban on vehicles stopping in bike lanes, backed by steep fines of $125 in Center City and $75 elsewhere.

20 Defendant UPS violated the Phila ban on vehicles stopping in the bike lane on the date of crash.

**Defendant UPS's Systematic Policy of Violating #GTFOTBL for Its Economic Gain and Advantage**

21. For years prior to and in the months since the enactment of Phila's complete ban on stopping in the bike lanes:

A] UPS's fleet of drivers have commonly, habitually systematically and daily violated the ban on stopping in the Philadelphia Bike lanes to deliver packages from, using the bike lane as a loading zone for their business purposes;

B] UPS has on information and belief permitted, allowed, instructed and encouraged its delivery drivers to, and at a bare minimum ineffectively failed to discourage its drivers from park[ing] in and use[ing[ the bike lanes for their profitability and convenience, which has been de facto demonstrated by the drivers' conduct as described elsewhere in this complaint.

C] UPS has failed to train and supervise its delivery drivers to avoid and refrain from stopping in the bike lanes of Phila Streets and using them to deliver from, all for profit.

22. Plaintiff avers that Defendant United Parcel Services violation of the cited motor vehicle statute, Section 3351 and the Philadelphia Parking Authority's complete ban on stopping in bike lanes constitutes negligence in itself under the doctrine of negligence per se.

23. Plaintiff suffered trauma injuries including a deeply lacerated leg, as shown in the photo below, which required surgery to treat and repair, and other injuries which required hospital treatment to Plaintiff's pelvis, spine, head, chest, elbow, chest, knee, and general soreness.



Wound on Sulaiman’s leg



Wounds on Sulaiman's arm

24. Plaintiff avers that his injuries are serious, permanent, and have resulted in permanent scar, disfigurement, muscle deformity resulting in disability and impairment and loss a of bodily function which will prevent Plaintiff from fully, comfortably and painlessly participating in and enjoying the activities of his daily life as he did before he was injured in this crash.

25. Plaintiff was taken by ambulance to the hospital from the crash scene.

26. Plaintiff needed follow up with hospital, surgical, suturing and medical treatment for his injuries to recover from his injuries and regain the maximal medical improvement.

27. Plaintiff was for a time disabled from work and all of the duties and activities requiring the use of his leg as a result of his injuries.

28. Plaintiff's injuries are all to his financial damage and loss.

29. Plaintiff has suffered all of the described injuries and damages as a direct result of the Defendants' careless conduct, driving, operation, use and stopping of their vehicles, and that Plaintiff has been required to receive and undergo medical attention and care and will incur expenses in the future, which Plaintiff exceed $1500, which medical bills are recoverable, out of pocket and are to his financial damage and loss.

30 Plaintiff has full tort status by virtue of status as a bicyclist at the time of the crash, and his injuries pierce the threshold necessary to recover non economic damages under all applicable Penna tort law.

31. Plaintiff continues to ride, work and commute by bicycle upon the streets of Philadelphia and attempts to ride in the City's bike lanes to do so.

32. Plaintiff avers that all of the said damages were caused by Defendant's negligence.

Wherefore, Plaintiff, Sulaiman Duncan demands judgment against the Defendant, the United Parcel Service in an amount in excess of the jurisdictional Arbitration limits in Phila County plus interest and costs.

Plaintiff Sulaiman Duncan vs United Parcel Service
Special Injunction
To Enforce the Complete Ban on Stopping and Parking in the Bike Lanes
Against United Parcel Service Corporation
#GTFOTBL

33. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint, inclusive, as if they were set forth in their entirety herein.

34. Plaintiff avers that the Defendant, United Parcel Service drivers and employees engage in a systematic and daily practice of parking and stopping its delivery trucks in and delivering from bike lanes by.

35. This practice has resulted in a general condition on the streets of Phila of UPS delivery vehicles stopped and parking in and obstructing the bike lanes in Philadelphia for extended time periods

36. The regular and systematic stopping in bike lanes by these delivery vehicles in Phila effects the Plaintiff and other bicycle riders attempting to safely use the City's bike lanes by forcing them to ride out of the bike lanes and which is unsafe in and of itself and forces them to face unsafe road conditions and irate drivers and also abandoned and inactive trolley rails that Plaintiff in this instant case would have otherwise been safe and protected from riding upon.

37. Plaintiff and all Philadelphia bicycle commuters riding in the bike lanes of Philadelphia streets are aggrieved by Defendant's ongoing described conduct in systematic use of the bike lanes as loading zones.

38. The Defendant's conduct creates a constant, ever present, dangerous, defective and per se illegal condition which poses a crash hazard to the plaintiff, who continues to bicycle and commute upon the City's streets, and all bicyclists traveling in Philadelphia's bike lanes

39. Plaintiff seeks an injunction compelling the Defendant to stop using the bike lanes as loading zones to prevent immediate and irreparable harm to Plaintiff who cannot adequately be compensated by an award of damages.

40. An injunction is appropriate as greater injury will result from refusing an injunction than from granting it and the issuance of an injunction will not substantially harm the other interested party; the United Parcel Service .

41. An injunction will restore the parties to their status as it existed prior to the Defendant's wrongful conduct.

42. As the Defendant has created and is engaging in an illegal activity which harms the public, the activity sought to be restrained is actionable; Plaintiff's right to relief is clear, and Plaintiff is likely to prevail on the merits.

43. The injunction sought is reasonably suited to abate the offending activity.

44. The injunction sought will not adversely affect the public interest, and, in fact, will be for the public good.

WHEREFORE, Plaintiff Sulaiman Duncan demands a special injunction against Defendant United Parcel Service, enjoining Defendant from

systematically parking and stopping in the bike lanes and using them as loading zones in defiance of the City's Complete Ban on parking in bike lanes.

STUART LEON, P.C.

BY:______________________________
STUART LEON, ESQUIRE
ATTORNEY FOR PLAINTIFF

<u>VERIFICATION</u>

Sulaiman Duncan verifies that the statements made in this pleading are true and correct. Verifier understands that false statements are made subject to the penalties of 18 Pa CS Section 4904, relating to unsworn falsifications to authorities.

Dated: 11-19-25

Sulaiman Duncan

Sulaiman Duncan

STUART LEON, P.C.
BY: STUART LEON, ESQUIRE
IDENTIFICATION NO.: 46432
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215) 790-9288
ATTORNEY FOR PLAINTIFF(S)

Filed and Attested by the
Office of Judicial Records
11 FEB 2026 10:06 am
C. SMITH

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL – LAW

Sulaiman Duncan

vs.

United Parcel Service

November Term 2025

No. 03195

AFFIDAVIT OF SERVICE

AND NOW, this I, STUART LEON, ESQUIRE being duly sworn according to law do hereby depose and say that a full and complete copy of Plaintiff's Complaint in Civil Action was served on Defendant, United Parcel Service.

(See attached Return of Service.)

Dated: 2/11/2026

# RETURN OF SERVICE

STUART LEON, ESQUIRE
1420 Walnut Street, Suite 404
Philadelphia, PA 19102
(215)790-9288

Sulaiman Duncan

vs.

United Parcel Service

November Term 2025

No. 03195

SERVE AT: 55 Glenlake Parkway Ave
Atlanta GA 30328

On the 2nd day of February 2026, at ______ ~~AM/PM,~~

I, Bree Dillon served and made known to United Parcel Service

the foregoing complaint by (describe method of service):

Certified Mail sent 1/28/26 see attached

______________________________________________________________

______________________________________________________________

I verify that the statements in this return are true and correct. I understand that false statements are made subject to the penalties of 18 PA C.S.A. Sect. 4904 relating to unsworn falsification to authorities.

BY: ______________________ 2/11/26
(Date)

Tracking Number:

**70210350000126709775**

Copy  Add to Informed Delivery

Remove

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 2:06 pm on February 3, 2026 in ATLANTA, GA 30328.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Front Desk/Reception/Mail Room**

ATLANTA, GA 30328

February 3, 2026, 2:06 pm

See All Tracking History

What Do USPS Tracking Statuses Mean?

eon Bicycle Crash Law
alnut St.
lphia, PA 19102

7021 0350 0001 2670 9775

$10.73 0
US POSTAGE IMI
FIRST-CLASS
063S0001443235
FROM 19102

United Parcel Service
55 Glenlake Parkway, NE
Atlanta, GA 30328

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UPS
55 GLENLAKE PARKWAY NE
ATLANTA, GA 30328

9590 9402 5905 0049 4735 98

2. Article Number (Transfer from service label)

7021 0350 0001 2670 9775

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

DUNCAN 1/28

Domestic Return Receipt